IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| GENEVA L. WATKINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 310-087 |
| | * | |
| CAPITAL CITY BANK as | * | |
| successor in interest to | * | |
| FARMERS & MERCHANTS BANK; | * | |
| WALLACE E. MILLER; EDWARD | * | |
| J. TARVER; and HULL BARRETT, | * | |
| PC, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Presently pending before the Court is "Plaintiff Geneva Watkins' Motions for Review of All Prior Rulings by Judge Dudley H. Bowen Based Upon Recusal Order (doc. no. 77) Including an Order to Unseal Documents (doc. no. 64)." (Doc. no. 108). For the reasons set forth below, this motion is **DENIED**.

**I. BACKGROUND**

The history of these and related proceedings is lengthy and convoluted. Thus, only the factual and procedural background relevant to the current motion is set forth below.

**A. Underlying Action**

On September 1, 2004, Plaintiff filed an action for wrongful foreclosure against Farmers & Merchants Bank[1] and Wallace E. Miller

---

[1] Capital City Bank ("CCB") is the successor in interest to Farmers & Merchants Bank.

(the "underlying defendants") in the United States District Court for the Southern District of Georgia in case number 3:04-cv-079. After Plaintiff terminated her original attorneys, Edward J. Tarver of Hull, Towill, Norman, Barrett & Salley, P.C.[2] met with Plaintiff and her husband to discuss representation in the underlying action. On March 9, 2005, Plaintiff and her husband entered into a contingency fee agreement with Tarver, and on June 9, 2005, they signed a modified fee agreement. (Tarver Decl. ¶¶ 7, 12, Exs. B, E.)

On May 10, 2005, Plaintiff retained Eric C. White of Chamberlain, Hrdlicka, White, Williams & Martin to also represent her in the underlying case. (White Decl. ¶ 2, Ex. B.) Thereafter, the underlying defendants moved for summary judgment, and Plaintiff filed her response. (3:04-cv-079, Doc. nos. 46, 56, 57.)

On October 4, 2005, one of Tarver's law partners, David Hudson, was contacted by CCB about representation in a separate and unrelated action against Wallace E. Miller. (Hudson Decl. ¶ 2.) Tarver had a telephone conversation with Plaintiff and her husband regarding the potential conflict of interest if Mr. Hudson were to undertake representation of CCB in the other proceeding. (Tarver Decl. ¶ 17.) Tarver explained that Plaintiff would have to waive the potential conflict in order for Hull Barrett to represent CCB in the other matter. (Id.) Tarver memorialized this conversation in his October 5, 2005 letter to the Watkins. (Id. ¶ 18, Ex. F.) In response, Plaintiff refused to waive the potential conflict and terminated her attorney-client relationship with Tarver and Hull

---

[2] This law firm is now known as Hull Barrett, P.C.

Barrett. (Id. ¶¶ 19-20, Ex. G, H.) Despite the termination, Hull Barrett did not undertake representation of CCB. (Id. ¶ 23; Hudson Decl. ¶ 6.)

On October 18, 2006, the presiding district judge, the Honorable Dudley H. Bowen, Jr., granted the underlying defendants' motion for summary judgment. (3:04-cv-079, Doc. no. 90.) Judge Bowen found that CCB was entitled to foreclose upon Plaintiff's properties and entered judgment in favor of the underlying defendants. (3:04-cv-079, Doc. nos. 90, 91.)

### B. The Current Action

On October 15, 2010, Plaintiff filed the current action against Defendants Capital City Bank; Craig Cowart; Roy Cowart; Samuel Hilbun; Hilbun & Helton, LLC; Hull Barrett, PC; Wallace E. Miller; Miller, Cowart & Howe, LLP; and Edward J. Tarver. (Doc. no. 1.) Plaintiff asserts claims of legal malpractice, breach of fiduciary duty, fraud on the Court, common law fraud, and tortious interference with a contractual relationship. All of these claims relate to the conduct of Defendants in the underlying action.

On December 15, 2010, Plaintiff voluntarily dismissed Craig Cowart and Miller, Cowart & Howe, LLP from the current action. (Doc. no. 4.) On June 22, 2011, Judge Bowen denied Plaintiff's Motion to Amend her Complaint and dismissed Defendants Samuel Hilbun and Hilbun & Helton, LLC from this lawsuit. (Doc. nos. 62, 63.) On July 22, 2012, Judge Bowen granted Defendants Capital City Bank and Wallace E. Miller's Motion to Quash Plaintiff's subpoena *duces tecum*. (Doc. no. 74.) Thereafter, Judge Bowen signed an

order of recusal (doc. no. 77), and this case was reassigned to the undersigned district judge.

In her current motion, Plaintiff asserts that the Court should vacate all of Judge Bowen's prior orders in the underlying and current action pursuant to Federal Rule of Civil Procedure 60(d)(3). She argues that Judge Bowen committed fraud on the court by failing to recuse himself at an earlier time. Furthermore, she contends that certain sealed documents (doc. no. 64) are part of Judge Bowen's fraud on the court, and thus requests that this Court unseal those documents.

## II. LEGAL STANDARD

Rule 60(b) provides relief from a final judgment or order on several grounds, including fraud, misrepresentation, or misconduct *by an opposing party*. Fed. R. Civ. P. 60(b)(3) (emphasis added). A Rule 60(b)(3) motion must be made within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). However, Rule 60(d)(3) allows for relief from a final judgment that is more than one year old if the movant can show "fraud on the court." Fed. R. Civ. P. 60(d)(3). Where relief from a judgment is sought due to fraud on the court, the fraud must be established by clear and convincing evidence. Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.

1978).[3] Stated differently, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. Id. Fraud between parties does not constitute fraud on the court, as it does not carry the same threat of public injury. S.E.C. v. ESM Group, Inc., 835 F.2d 270, 273 (11th Cir. 1988).

### III. DISCUSSION

Plaintiff's argument for reviewing and vacating all of Judge Bowen's prior Orders in the current and underlying actions is based upon her belief that Judge Bowen should have recused himself long ago. Indeed, she contends that as early as October 17, 2006, Judge Bowen began committing fraud on the court in the underlying action. (See Doc. no. 127 at 3 (arguing that Judge Bowen "ruled on Plaintiff's Amended Complaint and once again stopped the machinery of the Court by denying Plaintiff's Amended Complaint").) Because the analysis of Plaintiff's arguments differs depending on whether the Court is considering Judge Bowen's rulings from the underlying or current action, the Court will address each separately.

**A. Underlying Action**

Plaintiff appears to assert that Judge Bowen's friendship with Defendant Tarver, attorney for Plaintiff in the underlying action, and Samuel Hilbun, attorney for CCB in the underlying action amounted to fraud on the court pursuant to Rule 60(d)(3). (See Doc. no. 127.) Plaintiff's motion, however, lacks the necessary evidentiary support. Indeed, a party cannot obtain relief from a

---

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

5

judgment without providing clear and convincing evidence of the fraud. <u>Dugger</u>, 825 F.2d at 283. The only evidence Plaintiff puts forth of Judge Bowen's fraud on the court are Judge Bowen's statements on record that several of the attorneys involved in the underlying action are his friends, including Plaintiff's attorney at the time.[4] (<u>See</u> Doc. no. 109 at 37.) These statements alone do not constitute clear and convincing evidence of egregious misconduct or an "unconscionable plan or scheme" that is necessary to prove fraud on the court. <u>See</u> <u>Rozier</u>, 573 F.2d at 1338. Thus, Plaintiff's request to review and vacate all of Judge Bowen's rulings in the underlying action is **DENIED**.

### B. Current Action

Plaintiff also argues that all rulings made by Judge Bowen in the current action up until the time of his recusal are a product of fraud on the court. Thus, she seeks relief under Rule 60(d)(3) and requests that the Court review and vacate all of Judge Bowen's prior rulings in the current action.

The Court finds no basis on which to vacate Judge Bowen's orders. The relief provided by Rule 60(d)(3) is to set aside a judgment, and in the current action, no judgment has been entered. Furthermore, Rule 60(b)(3) only provides relief from orders based on fraud, misrepresentation, or misconduct by *an opposing party*, not from a judicial officer. Finally, the Court has reviewed all the prior rulings made by Judge Bowen in this case and finds no

---

[4] The Eleventh Circuit has stated that "it would be an unfortunate circumstance, indeed, if becoming a federal judge meant that one must give up all ties of a social nature." <u>Carter v. West. Pub. Co.</u>, No. 99-11959-EE, 1999 WL 994997, at *6 (11th Cir. Nov. 1, 1999). Indeed, Plaintiff fails to comprehend that a judge's acquaintanceships "are more than common; they are desirable," as long as they do not create an appearance of impropriety. <u>Id.</u> at *7 (quoting <u>U.S. v. Murphy</u>, 768 F.2d 1518, 1537 (7th Cir. 1985)).

basis on which to reconsider them. Accordingly, Plaintiff's request to review and vacate all of Judge Bowen's rulings in the current action is **DENIED**.

### C. Sealed Documents

Plaintiff also requests that the Court unseal the documents at docket entry number sixty-four in the current action. Specifically, Plaintiff believes that the sealed documents "must contain information that either goes directly to the heart of the recusal and/or to the issue of whether or not any of the Defendants committed a fraud on the Court." (Doc. no. 109 at 2.)

The documents at issue were subject to a prior motion to quash by Defendants CCB and Miller. (See Doc. no. 55.) On May 6, 2011, Plaintiff filed a notice of intent to serve a subpoena requesting certain documents, including those Bates stamped: 3420-3422, 3531-3535, and 3640. (Doc. no. 48.) Defendants CCB and Miller filed a motion to quash the subpoena, stating that the requested documents were protected from disclosure by both the attorney-client privilege and the attorney work-product privilege. (Doc. no. 55 at 5-9.)

In ruling on the motion to quash, Judge Bowen found that Plaintiff had already received some of the requested documents from Defendant CCB that were not privileged. (Doc. no. 74; see also Doc. no. 65.) Judge Bowen, however, granted Defendants' motion to quash with respect to the remaining documents because they were still privileged. Thus, of the sealed documents at docket entry number sixty-four, Plaintiff already possesses the non-privileged documents (Bates stamped 03420-03422). The remaining sealed

documents are those that Judge Bowen determined were privileged (Bates stamped 3531-3535 and 3640).

Plaintiff has provided no basis on which to unseal the remaining documents other than mere speculation that they evidence fraud on the court. Absent some arguable basis, the Court declines to consider this request further.

Moreover, to the extent that Plaintiff seeks reconsideration of Judge Bowen's Order granting Defendants CCB and Miller's motion to quash, such request is denied. A court may revisit interlocutory orders at any time prior to final judgment pursuant to Rule 54(b) or the Court's inherent authority. See Covenant Christian Ministries, Inc. v. City of Marietta, 654 F.3d 1231, 1242 (11th Cir. 2011); Fed. R. Civ. P. 54(b). The power to reconsider or modify interlocutory rulings "is committed to the discretion of the district court," and that discretion is not cabined by the "heightened standards for reconsideration" governing final orders. Am. Canoe Assoc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).

Plaintiff, however, has not set forth any grounds to justify a finding that the Court should alter Judge Bowen's Order granting Defendants CCB and Miller's motion to quash. Furthermore, Plaintiff provides no support for the argument that the remaining sealed documents are not privileged and that the motion to quash was wrongly decided. Thus, reconsideration of the Order to quash production is wholly unwarranted. Because Plaintiff's motion to unseal the documents at docket entry number sixty-four is not supported by law or facts, this motion is **DENIED**.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion for review of all prior rulings by the Honorable Dudley H. Bowen (doc. no. 108) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of September, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA